UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**360 TITLE SOLUTIONS, LLC,**

    **Plaintiff,**

v.                                             **Case No. 8:24-cv-2015-MSS-AAS**

**TRUIST BANK, et al.,**

    **Defendants.**
_____/

## **ORDER**

Defendant Steven John Piazza moves to vacate a clerk's default entered against him before removal of this action to this court. (Doc. 27). Plaintiff 360 Title Solutions, LLC (360 Title) did not respond, and the time to do so had expired. *See* Local Rule 3.01(c), M.D. Fla. ("A party may respond to a motion within fourteen days after service of the motion. . . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Rule 55(c) of the Federal Rules of Civil Procedure provides that the "Court may set aside an entry of default for good cause . . .." According to the Eleventh Circuit,

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and

1

> whether the defaulting party presents a meritorious defense. [*Commercial Bank of Kuwait v.] Rafidain Bank*, 15 F.3d [238] at 243 [(2d Cir. 1994)]; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id*. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194–95 (6th Cir. 1986).

*Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951–52 (11th Cir.1996).

Mr. Piazza was served with the summons and complaint on July 26, 2024. (Doc. 27, p. 1). Due to his blindness, he could not read or see the documents. (*Id*.). Mr. Piazza was also unaware that this action had been removed to this court. (*Id*., p. 2). Upon becoming aware of the action, Mr. Piazza retained counsel who filed a notice of appearance. (Doc. 23). Mr. Piazza's counsel filed this motion and responded in opposition to 360 Title's motion for default judgment, arguing that Mr. Piazza's blindness caused him to be unaware of this action and his obligation to respond to 360 Title's complaint. (Docs. 22, 27).

The court finds that the clerk's default entered against Mr. Piazza is due

to be vacated under Rule 55(c) for good cause shown. Accordingly, Mr. Piazza's motion to vacate clerk's default (Doc. 27) is **GRANTED**. By **April 25, 2025**, Mr. Piazza must respond to 360 Title's complaint. 360 Title's motion for default judgment (Doc. 22) is now rendered moot.

**ORDERED** in Tampa, Florida, on April 8, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge